**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOEL SUTTON, et al.,

                          Plaintiffs,

         - against -

WACHOVIA SECURITIES, LLC, et al.,

                          Defendants.
---------------------------------------------------------X

**ORDER**

CV 04-4976 (ADS ) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      I write in regard to a series of letters among the parties in the above-captioned case. Briefly stated, *pro se* defendants Margaret Connors ("Connors") and Jacqueline Teets ("Teets") requested an adjournment of the initial conference that was, at the time of the requests, scheduled for May 31, 2005. The applications were predicated on the difficulty and perceived unfairness of the individual defendants being forced to travel from California to New York for this litigation. Docket Entry ("DE") 57, DE 58. By letter dated May 3, 2005, plaintiffs' counsel Joseph J. Dinoto ("Dinoto") submitted a letter in response to Connors' request stating, in essence, that objected to any excessive adjournment of the conference. DE 59. Defendant Wachovia's counsel, Caroline S. Press ("Press"), filed a letter dated May 11, 2005, responding to certain statements made in Mr. Dinoto's letter. DE 60. Those statements, and counsel's outraged response thereto, plainly had nothing to do with the scheduling matter before me, and violated my individual rule prohibiting replies on letter-motions. That same rule obviously prohibits sur-replies as well, but Dinoto nevertheless responded to Press's letter with a further letter of his own on May 16, 2005, DE 62, despite the fact that, by then, I had already resolved the request for an adjournment.

On May 11, 2005, I electronically filed an order on the court's ECF docketing system adjourning the initial conference to July 1, 2005, at 1:30 p.m. and permitting any party outside of New York to participate by telephone. Recognizing that some of the defendants have no counsel and are not registered to receive electronic filings via ECF, I further ordered Dinoto, to "serve this order on all parties upon receipt and file a certificate of service stating same." Endorsement on DE 59. It appears Connor was unaware of my ruling as of May 13, 2005, in that she sent another letter on that date responding to Dinoto's response to her initial application.

The possibility that Connors remained unaware of my ruling prompted me to have my law clerk inquire of Dinoto as to his compliance with my order. That inquiry produced disturbing results which prompt me to write the instant order.

Dinoto did not timely comply with my directive to serve my May 11 order on all parties. An examination of the docket reveals that after I denied Dinoto's application to be relieved from the court's ECF requirements, *see* DE 44 and Endorsement thereon, the attorney simply registered the email address of his *client*, plaintiff John Sutton, as the address to which all electronic notifications should be sent. This is patently improper. Dinoto has a personal responsibility to ensure that he receives prompt notification of electronic filings; he may not fob that responsibility off on his client. Accordingly, I direct Dinoto to properly register to receive electronic notification of all filings in this case via the court's ECF system. To do so, he must obtain, and provide to the Clerk's Office, *his own* e-mail address.

The purpose of my earlier order requiring Dinoto to notify other parties of my May 11, 2005 ruling was to ensure that *pro se* litigants in California did not needlessly make travel arrangements – including the possibility that they might purchase non-refundable tickets –

to attend a conference that I had adjourned.  To ensure against that possibility after learning of Dinoto's failure, I had members of my staff contact those litigants; they left voice messages for Teets and defendant Jayne Douglas regarding the adjourned conference date and spoke personally to Connors on the same subject.  My clerks' actions, however, in no way excuse Dinoto's non-compliance with my order.  I therefore ORDER that no later than May 25, 2005, Dinoto shall cause copies of this order and the order dated May 11, 2005, to be delivered by overnight delivery service to all parties.  I FURTHER ORDER that no later than May 27, 2005, Dinoto shall submit a letter to me certifying his compliance with the above requirements.

Finally, all parties and counsel are directed to familiarize themselves with and, going forward, obey my Individual Practice Rules.  Those rules are available at www.nyed.uscourts.gov.

**SO ORDERED.**

Dated: Central Islip, New York
May 20, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge